IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 20, 2016

**STATE OF TENNESSEE v. MATTHEW ALLEN THOMPSON**

**Appeal from the Criminal Court for Hamilton County**
**No. 154012   Barry A. Steelman, Judge**

_____

**No. E2016-01562-CCA-R3-CD**

_____

Defendant, Matthew Allen Thompson, filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36. The trial court denied the motion, and Defendant appeals. Although Defendant filed his motion pursuant to Rule 36 and quoted Rule 36 in his motion, the trial court treated the motion as a Rule 36.1 motion. We conclude under either Rule 36 or 36.1 that Defendant is not entitled to relief. Accordingly, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Matthew Allen Thompson, Wartburg, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual background*

The record reflects that on February 18, 1983, Defendant was indicted by the Hamilton County grand jury for burglary and being a habitual criminal offender. Defendant was convicted by a jury of burglary in the second degree and of being a habitual offender. A mandatory life sentence was imposed.

On direct appeal, Defendant alleged that the trial court erred in: (1) instructing the jury that the court would impose the life sentence upon a finding of guilt, then instructing that the jury would impose the sentence; (2) failing to correct a charging error in writing and provide the jury with the written correction; (3) telling the State that a corrected indictment would be favorably received; (4) refusing to charge misdemeanor injuring or defacing buildings or fixtures as a lesser included offense; (5) charging attempted assault, rather than attempted burglary, as a lesser included offense; and (6) failing to dismiss the indictment. A panel of this court affirmed the trial court's judgment on direct appeal. *State v. Thompson*, No. 842, 1984 LEXIS 2894 (Tenn. Crim. App., July 17, 1984), *perm. app. denied* (Tenn., Oct. 1, 1984).

On March 10, 2016, Defendant filed a pro se motion to correct an illegal sentence, alleging that his life sentence is illegal because the State did not present the three prior convictions necessary to support the habitual criminal offender conviction. On March 28, 2016, the trial court entered an order summarily denying Defendant's motion, finding that it attacked the sufficiency of the conviction and did not set forth a colorable claim alleging that the sentence was illegal. The trial court noted that this court affirmed Defendant's habitual criminal offender conviction and mandatory life sentence.

*Analysis*

At the outset, we note that Defendant filed an untimely notice of appeal. The Tennessee Rules of Appellate Procedure require an appellant to file a notice of appeal within thirty days of the judgment being appealed. Tenn. R. App. P. 4(a). A timely filed notice of appeal is not jurisdictional in this court, and we may elect to waive the requirement in the interest of justice. Tenn. R. App. P. 4(a). "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App., 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App., Dec. 27, 2005)).

Defendant asks this court to waive the untimely filing of his notice of appeal. The order denying Defendant's motion was entered on March 28, 2016. Defendant states in his reply brief that he was not served with a copy of the court's order until July 6, 2016, after he wrote to the trial court to inquire about the status of his motion. Defendant attached to his reply brief a copy of the letter he received from the trial court clerk in a self-addressed, stamped envelope, with a postmark date of July 5, 2016.

The trial court's order denying Defendant's motion does not contain a certificate of service. Defendant's motion was filed pursuant to the Rules of Criminal Procedure,

which provide that "[a] party *shall* serve on every other party . . . each order required to be served by the terms of the order[.]" Tenn. R. Crim. P. 49(a)(3) (emphasis added). In this case, the record does not show that the State served upon Defendant a copy of the trial court's order, nor does the State acknowledge in its brief its failure to serve on Defendant a copy of the order. Because the record contains nothing to show that Defendant was sent a copy of the order prior to the time for filing his notice of appeal elapsed, we conclude that the timely filing of Defendant's notice of appeal should be waived.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if its existence, in and of itself, is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id*. If there is an alleged infirmity based solely upon how the legally authorized sentence is imposed or calculated, then it is not an illegal sentence under Rule 36.1.

If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id*. at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id*. Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id*. at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id*. Fatal errors are those errors "so profound as to render the sentence illegal and void" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id*.

- 3 -

Even taking Defendant's claims as true, his brief is void of a single claim that would entitle him to relief under Rule 36.1. Defendant challenges his conviction but fails to raise any issues alleging that his *sentence* is illegal. Defendant challenges the sufficiency of the evidence to support his habitual criminal offender conviction. A Rule 36.1 motion to correct illegal sentence is not the proper mechanism by which to challenge the sufficiency of the evidence at trial. Defendant raises only appealable errors that do not render his sentence void or illegal.

Rule 36 of the Tennessee Rules of Criminal Procedure, under which Defendant filed his motion, pertains to the correction of clerical errors in judgments. The rule, which Defendant quotes in his motion, states in part: "After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." This rule is inapplicable here because Defendant does not allege that the judgment contains any clerical error. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 4 -